**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0293-17T2

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

P.K.S.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF B.A.N.M. and M.J.L.M.,

    Minors.

_____

Submitted May 30, 2018 — Decided July 10, 2018

Before Judges Fisher and Sumners.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FG-08-0021-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Lauren M. Derasmo, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant

Attorney General, of counsel; Amy Melissa Young, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, attorney for minors (Charles Ouslander, Designated Counsel, on the brief).

PER CURIAM

Defendant appeals from a Family Part order terminating her parental rights to her then almost three-year old son B.A.N.M (Barry),[1] and her then one-and-a-half-year old son M.J.L.M. (Mike).[2] The Law Guardian supports termination and urges us to uphold the order. We affirm, substantially for the reasons stated by Judge Timothy W. Chell in his thorough twenty-five page written decision issued with the order.

The pertinent trial evidence is detailed in the judge's decision. A summary will suffice here. The judge found that both of the Division of Child Protection and Permanency's (Division) witnesses, the caseworker and its expert in clinical and forensic psychology, Dr. James L. Loving, Psy. D., gave credible testimony that established defendant's lack of parental ability endangered her "children's safety, health, and development," causing them "real and substantial harm." Defendant did not present any

---

[1] We use pseudonyms to protect the identities of the parties involved.

[2] The children's biological fathers are unknown.

A-0293-17T2

witnesses. In fact, she showed little interest in the proceedings; failing to attend the trial, and attending only one of the five pre-trial hearings.

When Barry was about two-and-a-half years old and living with defendant, their house — to put it mildly — was in a deplorable condition; rotting groceries in the driveway surrounded by flies and maggots; dog feces inside the house; urine stains throughout the house; a dirty kitchen with an inoperable refrigerator; and graffiti on the walls and doors. This discovery, along with a doctor's examination of Barry that revealed several abrasions and a bald spot on his head suggesting he was laying on his back for extensive periods, led to an Abuse and Neglect proceeding. That litigation, in which defendant stipulated she abused or neglected Barry because her home was unsafe, culminated in an order awarding the Division custody, care, and supervision of Barry. Seven months earlier, the Division was granted custody, care, and supervision of Mike — a week after his birth and before he left the hospital.

With her sons placed with resource parents, defendant was offered services to assist her with the Division's plan for reunification. However, the plan was transformed to termination when defendant was dismissed from three visitation programs offered by the Division due to her inconsistent participation; failure to obtain suitable housing; failure to provide an

acceptable family member to serve as kinship legal guardian; and failure to demonstrate no ability to properly parent her sons.

Dr. Loving opined that, based upon his bonding evaluations of the boys with the resource parents, they have a sense of safety, security and trust with the resource parents, such that if they were removed from them, it would place them at a high risk for serious and lasting harm that defendant would be unable to resolve. No bonding evaluation was conducted between defendant and the boys because she failed to attend the evaluation.

Based upon the evidence presented, Judge Chell issued a written decision analyzing how the Division satisfied the four prongs of the best-interests-of-the-child standard, N.J.S.A. 30:4C-15.1(a), and entered an order terminating defendant's parental rights to her sons. Defendant contends the judge erred because there was insufficient, credible evidence supporting the order.

We disagree. Our review of the Judge Chell's comprehensive decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and we are bound by his factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 269 (2007) (citing In The Matter of Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

After reviewing the record, we conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), because the judge's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0293-17T2